JUSTICE COTTER
dissents.
¶18 I dissent. As the Court points out at ¶ 4 of its Opinion, Hubbard filed a notice of appeal from a decision entered in favor of Allen in “Justice Court, Missoula County, Small Claims Division.” The Montana Uniform Rules for the Justice and City Courts (“Uniform Rules”) apply by their own language to Justice and City courts. Small Claims Court is a division of Justice Court. As the majority acknowledges in ¶ 10 of its Opinion, Rule 21 of the Uniform Rules clearly provides that, “when the period of time prescribed or allowed is ten days or less, intermediate Saturdays, Sundays, and legal holidays shall be excluded.” The rule is clear and unequivocal. Nonetheless, the majority has concluded that Hubbard should have gone beyond this Uniform Rule and performed an analysis of other rules, including the Montana Justice and City Court Rules of Civil Procedure, before determining whether Uniform Rule 21 actually applied to his case. I disagree.
¶19 The Uniform Rules do not exclude from their purview actions which take place in the Small Claims division of the Justice Court. Hubbard was therefore entitled to rely on those rules, and should not lose his appellate rights because another set of rules contradicts the Uniform Rules which, on their face, appeared to apply squarely to his case.
¶20 Rule 81(b), M.R.Civ.P., also supports Hubbard’s position. It provides:
These rules [The Montana Rules of Civil Procedure] do not *380 supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice relating thereto insofar as these rules are not inconsistent with such statutes.
The majority has cited no statute which specifies that intervening weekends and holidays are not to be included in the ten-day time frame set forth in § 25-35-803, MCA. Therefore, the application of Rule 6(a), M.R.Civ.P., to Hubbard’s notice of appeal would not be inconsistent with any statutes governing Small Claims procedures. So, under Rule 81, Rule 6(a) ought to apply.
¶21 It seems to me that we should apply statutes in a manner consistent with Hubbard’s right to appeal, instead of seeking statutory interpretations which defeat it. I dissent.